UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAIAH HOOD,

   Plaintiff,

 v.

CITY OF DETROIT, a Michigan municipality, KYLE PRESSLEY, NICHOLAS HAUPT, KRISTOPHER GRUBEN, and JESSICA DELAGARZA, in their individual and official capacities,

   Defendants.

Case No.
Hon.

_____/

Joel B. Sklar (P38338)
LAW OFFICES OF JOEL B. SKLAR
Attorney for Plaintiff
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529 / 313-963-9310 (fax)
joel@joelbsklarlaw.com

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff Isaiah Hood files this civil rights action against Defendants City of Detroit, Kyle Pressley, Nicholas Haupt, Kristopher Gruben, and Jessica Delagarza, and says:

1. Plaintiff Isaiah Hood is a resident of Wayne County, Michigan, which is located in this Judicial District.

2. Defendant City of Detroit is a municipal corporation doing business in the City of Detroit, Wayne County, Michigan and operates the City of Detroit Police Department (DPD).

3. Kyle Pressley is a police officer with the City of Detroit and resides and/or transacts business in Wayne County, Michigan which is located in this Judicial District. He is being sued in his individual and official capacities.

4. Nicholas Haupt is a police officer with the City of Detroit and resides and/or transacts business in Wayne County, Michigan which is located in this Judicial District. He is being sued in his individual and official capacities.

5. Kristopher Gruben is a police officer with the City of Detroit and resides and/or transacts business in Wayne County, Michigan, which is located in this Judicial District.

6. Jessica DeLaGarza is a police officer with the City of Detroit and resides and/or transacts business in Wayne County, Michigan, which is located in this Judicial District.

7. All of the events which give rise to this action all occurred in Wayne County, Michigan which is located in this Judicial District.

8. The individual Defendants were acting under color of law and are being sued in their individual and official capacities.

9. The individual Defendants are not entitled to qualified or any other

immunity because they knowingly and intentionally violated Plaintiff's clearly established *Fourth Amendment Rights* which any reasonable officer would have known.

10. The individual Defendants are not protected from immunity for Plaintiff's state-law claims.

11. This Court has original jurisdiction over these claims pursuant to *28 USC § 1331*.

12. Venue is proper in this Court pursuant to *28 USC § 1391(a)(1)* and *(2)* since the events giving rise to this claim all occurred in Wayne County, Michigan which is within this District.

## FACTUAL ALLEGATIONS

13. Plaintiff realleges paragraphs 1 through 11.

14. On February 16, 2022, Defendant officers Pressley and Nicholas purportedly observed a Gray 2020 Chevrolet Corvette pull into a BP Gas Station located at 11155 Gratiot Avenue in Detroit, Michigan.

15. Defendants Pressley and Nicholas purportedly received information about a vehicle pointing an "AK style gun" at kids.

16. Defendant Pressley purportedly observed Plaintiff exit the vehicle from the driver's side and walk into the gas station.

17. Defendant officers Kristopher Gruben and Jessica DeLaGarza arrived

3

at the gas station, detained and handcuffed Plaintiff.

18. Defendant officers Pressley and Haupt detained Plaintiff's passenger, Joseph Patterson.

19. Defendant Haupt asked Mr. Patterson if there were any guns in the car.

20. Mr. Patterson told Defendant Haupt that there were two guns in the car, both of which belonged to him.

21. Mr. Patterson told Defendant Haupt he had a CPL for the weapons but did not have them on his person.

22. Defendant officers conducted a search of the vehicle and located the two guns owned by Mr. Patterson.

23. Defendant officers ran the weapons through their LEIN system, confirmed that the weapons belonged to Mr. Patterson but that an officer had "verbally suspended" Mr. Patterson's CPL's on February 6, 2019.

24. Defendants then arrested Mr. Patterson *and* Plaintiff, despite the fact that the weapons belonged only to Mr. Patterson.

25. Despite the lack of probable cause, Plaintiff was charged with one felony count of a "Weapons Offense-Firearm in Auto," MCL §750.227c.

26. Mr. Patterson was also charged with a weapons offense.

27. The criminal charges against Mr. Patterson were dismissed because the two weapons belonged to him and his CPL at the time of the arrest was valid.

28. On or about September 1, 2022, the Wayne County Prosecutor's Office voluntarily dismissed criminal charges against Plaintiff.

## COUNT I

### FALSE ARREST AND MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AMENDMENT PURSUANT TO *42 USC §1983*

29. Plaintiff reasserts paragraph for paragraph and word for word each of the above allegations.

30. The *Fourth Amendment* to the U.S. Constitution protects citizens, like Plaintiff from, unreasonable searches and seizure.

31. The *Fourth Amendment* to the U.S. Constitutional also prohibits malicious prosecution.

32. The individual Defendants had no probable cause to arrest and charge Plaintiff with a felony (CCW-Motor Vehicle) when Defendants knew the weapons did not belong to him.

33. The Wayne County Prosecutor's Office voluntarily dismissed all criminal charges against Plaintiff because of the absence of probable cause.

34. That as a consequence of his false arrest and malicious prosecution Plaintiff suffered a deprivation of his liberty.

35. The criminal proceeding was resolved in Plaintiff's favor.

36. As a direct and proximate result of Defendants violation of Plaintiff's

clearly established federal rights, and/or their conspiracy to violate Plaintiff's clearly established *Fourth Amendment* rights, Plaintiff suffered the following injuries, including, but not limited to:

- A. Unlawful detention in jail;
- B. Fear, emotional distress, embarrassment, humiliation, anxiety anger, loss of the enjoyments of life, pain and suffering, aggravation of preexisting conditions;
- C. Payment of attorney fees to defend the unlawful criminal charge and other economic injuries; and
- D. Other non-economic injuries which may continue up to and through the date of this litigation.

**ACCORDINGLY,** Plaintiff asks this Court to enter a judgment against Defendants, jointly and severally, in their individual and official capacities, including costs, interest, statutory attorney fees, punitive damages and all other relief allowed by 42 USC §1988 and any other relief the Court deems just.

## COUNT II

### MUNICIPAL LIABILITY IN VIOLATION OF THE *FOURTH AMENDMENT,* PURSUANT TO 42 USC § 1983

37. Plaintiff reasserts paragraph for paragraph and word for word each of the above allegations.

38. At the time of Plaintiff's arrest and prosecution, Defendant City of

6

Detroit/DPD Department had an unlawful policy to arrest all persons in a vehicle when a weapon was found, irrespective of individual probable cause.

39. Plaintiff should not have been arrested or charged with a weapons offense because he did not own the weapons located by the officers which the officers knew were owned by Mr. Patterson.

40. Defendant City of Detroit/DPD failed to train, properly supervise or instruct their officers concerning search and seizures and the acceptable parameters of the *Fourth Amendment*.

41. In fact, Defendant City of Detroit/DPD trained their officers to violate citizen's *Fourth Amendment* rights, as Plaintiff's were violated in this case.

42. Defendant City of Detroit/DPD encouraged officers to disregard constitutional prohibitions and make unlawful searches and seizures in the ordinary course and routine of their patrols in the hope of later finding some evidence of criminality, intelligence or contraband.

43. Defendant City of Detroit/DPD further tolerated and acquiesced to such unconstitutional conduct, custom or policy.

44. Defendant City of Detroit/DPD knew these particular Defendant Officers had violated Plaintiff's (and other citizens') constitutional rights but failed to discipline, admonish or correct such unlawful conduct.

45. Defendant city of Detroit and the Detroit Police Department have acted

with deliberate indifference to the rights of persons similarly situated to Plaintiff to be free from unlawful search, seizures and malicious prosecutions in violation of State law.

46. As a direct and proximate result of Defendants violation of Plaintiff's clearly established federal rights, and/or their conspiracy to violate Plaintiff's clearly established *Fourth Amendment* rights, Plaintiff suffered the following injuries, including, but not limited to:

    A. Unlawful detention in jail;

    B. Fear, emotional distress, embarrassment, humiliation, anxiety anger, loss of the enjoyments of life, pain and suffering, aggravation of preexisting conditions;

    C. Payment of attorney fees to defend the unlawful criminal charge and other economic injuries; and

    D. Other non-economic injuries which may continue up to and through the date of this litigation.

**ACCORDINGLY,** Plaintiff asks this Court to enter a judgment against Defendants, jointly and severally, in their individual and official capacities, including costs, interest, statutory attorney fees, punitive damages and all other relief, including equitable and injunctive relief, as allowed by 42 USC §1988 and any other relief the Court deems just.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | *s/ Joel B. Sklar* |
|  | Joel B. Sklar (P38338) |
|  | 500 Griswold, Suite 2450 |
|  | Detroit, MI 48226 |
|  | 313-963-4529 |
|  | Attorney for Plaintiff |
| Dated:  February 3, 2023 | Joel@joelbsklarlaw.com |

## DEMAND FOR JURY TRIAL

Plaintiff, ISAIAH HOOD, by and through his attorney, hereby demands a jury trial in the above captioned matter.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | *s/ Joel B. Sklar* |
|  | Joel B. Sklar (P38338) |
|  | 500 Griswold, Suite 2450 |
|  | Detroit, MI 48226 |
|  | 313-963-4529 |
|  | Attorney for Plaintiff |
| Dated:  February 3, 2023 | Joel@joelbsklarlaw.com |

9